UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ANDRES LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>L. MARTINEZ, et al.,<br><br>Defendants. | Case No. 23-cv-02326-KAW (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; AND GRANTING HIS REQUEST FOR AN EXTENSION OF TIME TO FILE AN OPPOSITION** |

Plaintiff Jesus Andres Lopez, a state prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a motion for appointment of counsel and a motion for an extension of time to file his opposition to Defendants' motion for summary judgment. Dkts. 15, 18.

Plaintiff requests that the Court appoint counsel because he is disabled. Dkt. 15 at 1. However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Court may ask counsel to represent an indigent litigant under section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.* Neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of

counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).

Here, the Court finds that plaintiff has aptly presented his claims and the issues presented in Defendants' pending dispositive motion are straightforward. Accordingly, the Court finds that appointment of counsel is not necessary at this time. Plaintiff's motion for appointment of counsel is DENIED without prejudice. Dkt. 15. Furthermore, the Court GRANTS Plaintiff's request for an extension of time to file an opposition to Defendants' pending dispositive motion, as set forth below. Dkt. 18.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for appointment of counsel is DENIED without prejudice. Dkt. 15.

2. Plaintiff's motion for an extension of time to file his opposition to Defendants' dispositive motion is GRANTED. Dkt. 18. No later than **thirty (30) days** from the date of this Order, Plaintiff shall file his opposition and serve a copy on Defendants' counsel.

The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

3. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

4. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to them.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and the parties informed of any change of address and must comply with the Court's orders in a timely fashion. **Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. This Order terminates Docket Nos. 15 and 18.

IT IS SO ORDERED.

Dated: December 3, 2024

_____
KANDIS A. WESTMORE
United States Magistrate Judge