UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ANDRES LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>L. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 23-cv-02326-KAW (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; AND DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 12, 20 |

## I. INTRODUCTION

Plaintiff Jesus Andres Lopez, a state prisoner incarcerated at the Correctional Training Facility ("CTF") in Soledad, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that former CTF Warden L. Martinez and former Secretary of the California Department of Corrections and Rehabilitation ("CDCR") K. Allison violated his constitutional rights by exposing him to Valley Fever.

On May 15, 2023, Plaintiff filed his initial complaint, which the court dismissed with leave to amend. Dkts. 1, 5. On January 23, 2024, Plaintiff filed his amended complaint, which is the operative complaint in this matter. Dkt. 7. Plaintiff alleges that he tested positive for Valley Fever for the first time on July 19, 2020. *Id.* at 4.[1] He claims that he was high risk for a serious case of the illness because he has prior medical issues including diabetes, high blood pressure, and high cholesterol. *Id.* He was first made aware of Valley Fever on July 10, 2020, and of the fact that CTF was in a region where Valley Fever could be contracted. *Id.* Around May of 2021, Plaintiff was put on Valley Fever medication, which he has taken for three years. *Id.* at 5. He experiences daily pain because of the disease. *Id.*

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by the parties.

Plaintiff alleges that defendants were aware of the risk to him and failed to mitigate it or inform him of it upon his arrival at CTF and enable him to take his own precautions. *Id*. He seeks compensatory and punitive damages. *Id.* at 7.

This action has been assigned to the undersigned magistrate judge. Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3). The parties have consented to magistrate judge jurisdiction in this matter. Dkt. 3; Dkt. 14.

On June 14, 2024, the court found that Plaintiff had addressed the deficiencies identified in its prior order of dismissal with leave to amend. *See* Dkt. 8 at 2-3 (citing Dkt. 5 at 3-5). And the court determined that, liberally construed, Plaintiff stated a claim for relief under the Eighth Amendment against defendants for failing to mitigate and failing to inform Plaintiff of the risk of Valley Fever at CTF. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it)).

Before the court is defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies as to his Eighth Amendment claim in the amended complaint. Dkt. 12. Plaintiff filed an opposition to the motion, and defendants filed a reply. Dkts. 21, 22. Also before the court is Plaintiff's motion for appointment of counsel. Dkt. 20.

For the reasons set out below, defendants' motion for summary judgment is GRANTED, and Plaintiff's motion for appointment of counsel is DENIED as moot.

**II.   MOTION FOR SUMMARY JUDGMENT**

    **A.   Legal Standard**

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of

establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record"). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). The defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of proof remains with defendants, however. *Id.* "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

A district court may only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). In support of the motion for summary judgment, defendants have filed a declaration and exhibits from their attorney, Deputy Attorney General Hannah Park, as well as declarations and exhibits from Associate Director of the Office of Appeals Howard E. Moseley, CTF Grievance Coordinator R. Monroy, and Chief of the Health Care Correspondence and Appeals Branch ("HCCAB") of the California Correctional Health Care Services ("CCHCS") S. Gates. *See* Dkt. 12-2 – 12-5.

As noted, Plaintiff filed his opposition, which is verified as he signed it under penalty of perjury. Dkt. 21 at 6. The amended complaint is also verified, *see* Dkt. 7 at 3, and thus the court will construe it as well as the verified opposition as opposing affidavits under Federal Rule of Civil Procedure 56, insofar as they are based on personal knowledge and set forth specific facts admissible in evidence, *see Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

3

In addition, the court will consider a declaration of the inmate who assisted Plaintiff in filing the relevant grievance, Anthony A. Sharp, *see id.* at 3, and the February 11, 2022 Institutional Level Response to that grievance, *see id.* at 4-5.

### B.      Failure to Exhaust Administrative Remedies

#### 1.      Legal Framework for Exhaustion of Available Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies before bringing an action with respect to prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion of all "available" remedies is mandatory; those remedies neither need to meet federal standards, nor must they be "plain, speedy, and effective." *Booth v. Churner*, 532 U.S. 731, 739-40 (2001). The PLRA requires *proper* exhaustion of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to exhaust properly. *Id.*

The CDCR provides its inmates the right to administratively grieve and appeal "applied health care policies, decisions, actions, conditions, or omissions that have a material adverse effect on their health or welfare." Cal. Code Regs. tit. 15, § 3999.226(a) (2018).[2] For health care matters, inmates must use a form CDCR-602 HC. Cal. Code Regs. tit. 15, § 3999.227. The regulations refer to the first level as a grievance and the second level as an appeal. At the first level, the inmate completes Section A of the form CDCR-602 HC to describe the specific

---

[2] The regulations regarding inmate health care appeals were renumbered, effective August 6, 2018. Former California Code of Regulations Title 15, sections 3087.1 through 3087.12 were renumbered without substantive change and are now found at sections 3999.226 through 3999.237 of the same title of the California Code of Regulations.

1  complaint that relates to his health and submits the form to the Health Care Grievance Office. *Id.*
2  at § 3999.227(b). If dissatisfied with the institutional level grievance disposition called the
3  "Institutional Level Response," the inmate may appeal the disposition to the headquarters' level by
4  completing Section B of the form CDCR 602 HC and submitting the package to the Health Care
5  Correspondence and Appeal Branch in Elk Grove, California. *Id.* at § 3999.229(a). Health care
6  grievances are subject to a headquarters' disposition before administrative remedies are deemed
7  exhausted. *Id.*

An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). However, where an amended complaint has been filed, a prisoner satisfies the exhaustion requirement as long as he exhausted his administrative remedies *prior to* its filing. *See Rhodes v. Robinson*, 621 F.3d 1002, 1006 (9th Cir. 2010) (amended complaint raised new claims which arose after the original complaint was filed); *Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (amended complaint raised new claims which arose prior to the filing of the initial complaint).

In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.*[3]

### 2. Allegations Relating to Exhaustion

#### a. Plaintiff's Version Relating to Relevant Grievance

In his opposition, Plaintiff alleges he exhausted the claims in his amended complaint, stating as follows: "Plaintiff states under oath that Plaintiff did exhaust all of his state remedies

---

[3] In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the PLRA, should be raised by a defendant as an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166. "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.*

5

including a government claims form which was filed." Dkt. 21 at 1. He further provided a written declaration from inmate Sharp, who "helped [him] at each level of [his] exhaustion." *Id*. Inmate Sharp's declaration states as follows:

> I declare I am the witness who assisted Plaintiff in filing his 602 (grievance) with the prison and I am the one who wrote up all responses in front of Plaintiff at all times including his Gov. claims form and mailed it for him . . . . I am willing to testify to this in court. All remedies have been exhausted timely.

Dkt. 21 at 3.

Plaintiff also attaches a relevant health care grievance, log number CTF HC 21000979, in which he sought monetary compensation for contracting Valley Fever in July 2020, which is the claim at issue in his amended complaint. *Compare* Dkt. 21 at 4-5 *with* Dkt. 21 at 4-6. Plaintiff attached CCHCS's Institutional Level Response dated February 11, 2022 regarding log number CTF HC 21000979, which found that "[n]o intervention" was necessary upon indicating the following basis for that institutional level disposition:

> Your health care grievance packages and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate:
>
> Per documentation in your medical record, you reported respiratory symptom[s] on July 2020 and were transferred to an outside hospital for further evaluation and treatment if indicated. You were diagnosed with Pneumonia and Coccidioidomycosis[4] (Cocci). Treatment was initiated and you were returned to CTF on July 25, 2021. Since your diagnosis of Cocci on July 2020 you were issued printed education on cocci infection, causes and treatment. Your primary case provider addressed your diagnosis appropriately and placed orders for ongoing chronic care appointments, addressed your medication treatment and made changes due to reported side effects to initial antifungal medication. Provider has placed orders for ongoing monitor laboratory tests (cocci titer) and chest x-rays per CCHCS care guidelines. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with [CCHCS] policy.

Dkt. 21 at 4-5. In addition, the response outlined the proper next steps to appeal the grievance, stating:

---

[4] Coccidioidomycosis or "Cocci" is another name for Valley Fever. *See* https://www.ncbi.nlm.nih.gov/books/NBK448161/#article-19667.s2 (last visited Mar. 24, 2025).

> If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies

*Id.*

The court notes that in Plaintiff's opposition, he fails to include a copy of the possible headquarters' level response to the relevant health care grievance, log number CTF HC 21000979, or any additional evidence that he submitted the grievance to the headquarters' level.

### b. Defendants' Version Relating to Relevant Grievance

In their reply to Plaintiff's opposition, defendants conceded that that the health care grievance submitted by Plaintiff, log number CTF HC 21000979, sufficiently pertained to his deliberate indifference claim against defendants.[5] Dkt. 22 at 2. However, in support of defendants' argument that Plaintiff's Eighth Amendment claim is unexhausted, defendants submit evidence log number CTF HC 21000979 was not submitted to the headquarters' level for further review. *See id.* (citing Dkt. 2-5 at 5).

According to Chief Gates, HCCAB is the section of the CCHCS that provides oversight of medical, dental, and mental health care appeals/grievances for adult inmates in the CDCR. Gates Decl. ¶ 1. As HCCAB Chief, he oversees staff who "receives, reviews, and maintains all health care appeals/grievances accepted for the final (headquarters) level of review in the inmate health care appeal/grievance process, and renders decisions on such appeals/grievances. *Id.* at ¶¶ 2-3. All levels of health care appeals/grievances, including institutional and headquarters level of review, are tracked through a computer database known as the Health Care Appeals and Risk Tracking System ("HCARTS"). *Id.* at ¶ 4. This system tracks "health care appeals that were received and ultimately rejected and the reason for the rejection." *Id.* The HCARTS is kept as a regularly conducted activity, and the computer entries are made at or near the time of the occurrence by the employee who processes the health care appeal/grievance. *Id.* Chief Gates

---

[5] Initially, when defendants filed their motion to dismiss, they claimed that plaintiff failed to submit *any* grievance concerning the Eighth Amendment claim at issue. *See* Dkt. 12-1 at 3-4. However, defendants have since withdrawn their prior assertion after plaintiff submitted the aforementioned relevant health care grievance, log number CTF HC 21000979. *See* Dkt. 22 at 2.

states that a review of the inmate health care appeal/grievance history records in the HCARTS database was conducted for Plaintiff and attached to Chief Gates's declaration is a copy of the HCARTS health care appeal/grievance history printout for Plaintiff. *Id.* at ¶ 8, Ex. A (Dkt. 12-5 at 4-12). Chief Gates certifies that the aforementioned printout is a correct copy of the original document. *See id.* In the printout, log number CTF HC 21000979 indicates that its "Grievance Level" was "Institutional," and its "Grievance Status" is marked as "Closed." Dkt. 12-5 at 5. The "Date Closed" for log number CTF HC 21000979 at the "Institutional Level" is "2/11/2022" with the "Disposition" of "No Intervention." *Id.* Nothing in the printout indicates that log number CTF HC 21000979 was further appealed to the headquarters' level. *Id.*

### 3. Analysis Relating to Exhaustion

A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002). Further, as mentioned above, health care grievances are subject to a headquarters' disposition before administrative remedies are deemed exhausted. *See* Cal. Code Regs. tit. 15, 3999.226(g).

While log number CTF HC 21000979 may support Plaintiff's assertion that he initiated the grievance process as to his Eighth Amendment claim at issue, defendants argue that such evidence "does not save [Plaintiff's] claim from dismissal because the undisputed evidence shows that [he] did not pursue this grievance to the highest level of appeal [the headquarters' level], and thus failed to properly exhaust his administrative remedies." Dkt. 22 at 2. Defendants point out that there is no evidence to suggest that Plaintiff complied with the instructions given in the Institutional Level Response, which informed him that he may submit his grievance for headquarters' level review and explained the steps he needed to take to exhaust his administrative remedies. *Id.* (citing Dkt. 21 at 5).

The court has reviewed log number CTF HC 21000979 as well as Plaintiff's health care appeals/grievance history, and it agrees with defendants' assessment that Plaintiff failed to pursue log number CTF HC 21000979 to the highest level of review (the headquarters' level). *See id.* A grievant must utilize all steps of the grievance process made available by the prison so that it can

8

1 reach the merits of the complaint. *Woodford*, 548 U.S. at 90.

2   Defendants have met their initial burden as the moving party by setting forth evidence to demonstrate Plaintiff's non-exhaustion, specifically by conducting a search of the CDCR's records and finding that log number CTF HC 21000979 was never submitted to the headquarters' level by Plaintiff. *See Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). Defendants, relying on declarations of HCCAB Chief Gates, argue that log number CTF HC 21000979 was not exhausted to the highest level of review. *Id*. (citing Dkt. 21 at 5). Under *Albino*, defendants have therefore proven that there was an available administrative remedy, and that Plaintiff did not exhaust that available remedy. *See Paramo*, 775 F.3d at 1191.

Upon the burden shifting to Plaintiff, he has failed to show that "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Id.* As mentioned above, Plaintiff merely relies on the "Institutional Level Response" for log number CTF HC 21000979 as proof of exhaustion, but his reliance is unwarranted because it fails to show that log number CTF HC 21000979 was submitted to the *highest* level of review (headquarters' level). *See* Dkt. 21 at 4-5. Further, Plaintiff's CCHCS appeals/grievance history indicates he sent one of his health care grievances, log number CTF HC 18001272, to the headquarters' level on November 19, 2018, which suggests that *prior to* the relevant time frame—in July of 2020 when he contracted Valley Fever—he was aware of and understood the requirement to pursue his health care grievances up to the headquarters' level. *See* Dkt. 21-5 at 6. Furthermore, the record shows that the Institutional Level Response to log number CTF HC 21000979 informed Plaintiff that he could submit the grievance to headquarters' level review and explained the specific steps to exhaust his administrative remedies. *See* Dkt. 21 at 5. However, Plaintiff has failed to provide any evidence to show that he complied with these steps to pursue log number CTF HC 21000979 to the headquarters' level. Thus, the evidence presented by Plaintiff is insufficient to defeat defendants' motion for summary judgment. Meanwhile, the evidence produced by the defendants *is sufficient* to carry their ultimate burden of proof in light of Plaintiff's verified factual allegations.

The record in this case demonstrates that Plaintiff had the opportunity and ability to properly exhaust his Eighth Amendment claim but failed to do so. Accordingly, the court GRANTS defendants' motion for summary judgment as to the Eighth Amendment claim against defendants, which is subject to dismissal without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (proper course in claims dismissed due to failure to exhaust administrative remedies is dismissal without prejudice to refiling).

### III. CONCLUSION

For the reasons outlined above, the court orders as follows:

1. Defendants' motion for summary judgment is GRANTED. Dkt. 12. The Eighth Amendment claim in the amended complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process. *See McKinney*, 311 F.3d at 1200-01.

2. The Clerk of the Court shall close the file and terminate all pending motions as moot, including Plaintiff's motion for appointment of counsel. Dkt. 20.

3. This Order terminates Docket Nos. 12 and 20.

IT IS SO ORDERED.

Dated: March 28, 2025

KANDIS A. WESTMORE
United States Magistrate Judge